UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:15CV-P148-JHM

**TED WILLIS**                                                                                         **PLAINTIFF**

v.

**THOMAS O. CASTLEN** *et al.*                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Ted Willis filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR). He sues Daviess County (Kentucky) Circuit Judge Thomas O. Castlen and Kenneth M. Nall, Jr., whom Plaintiff identifies as "First Asst Commonwealth Attorney" in Daviess County. He sues both Defendants in their official and individual capacities.

As his statement of the claim, Plaintiff states that on December 16, 2003, he was sentenced by the Daviess Circuit Court to 69 years' imprisonment. He reports that his sentence was overturned by the Kentucky Court of Appeals on "November 28, 2016,"[1] and his case was remanded for resentencing. According to the complaint, Plaintiff went before the Daviess Circuit Court for resentencing in January 2012 and that "this time I was in front of Judge Castlen." He was appointed an attorney to assist him in the re-sentencing hearing. Plaintiff states, "From the first, Judge Castlen and the Commonwealth Attorney, Kenneth M. Nall made it

---

[1] This is a typographical error by Plaintiff as this date has not yet occurred.

clear that they considered my re-sentencing as a matter of little meaning and informed me that the entire process would take no more than one hour." He asserts that his counsel was not given adequate time to prepare for the re-sentencing. He further states as follows:

> [Plaintiff's counsel] was told by Judge Castlen in the presence of the Commonwealth attorney that he was going to insure that I was given a life sentence to which [his counsel] replied the statute did NOT allow for a life sentence as the statute held at the time of the commission of my crime. The statute for "Violent offender" was Ammended in 2006 to INCLUDE 2nd SUBSEQUENT OFFENSE of manufacturing Meth and when informed of this, Judge Castlen replied: "That's close enough!"

Plaintiff states that he was resentenced to "Life and 20, which (after filing), the 20 was run concurrent with the life sentence." Plaintiff continues, "Judge Castlen then ruled that the 2904 days I had already served was 'Dead Time' and I had to go to court to get my time served back."

Plaintiff further maintains that after his re-sentencing his attorney "immediately began an Appeal but was 'Stonewalled' again by Judge Castlen when he held back necessary case file and in fact the Higher Court had to order him not once, but TWICE to release requested material." He also states that some of the transcript was never produced.

In addition, Plaintiff states that after his re-sentencing the Court ordered him to be sent to Kentucky Correctional Psychiatric Center for evaluation. The doctor who evaluated him "stated to me and put in his report to the Court that because of my severe anxiety, I would have been more prepared to handle trial if medicated." He states that the report was "withheld" by the Court. Plaintiff also states that two jurors asked to be dismissed from jury duty "because all that was put before the jury by Judge Castlen and the Commonwealth was that a jury just like them had already determined my guilt, so all that was left was to 'Set Punishment' and the said jurors wanted to know what Evidence of my guilt had been submitted." He reports that both jurors were dismissed.

> Plaintiff further states as follows:
>
> Because of all that was done at my re-sentencing I filed 2 law suits against 2 different attorneys who were involved in my appearance before Judge Castlen and all that occurred. The Judge who was appointed the case Recused himself because of a conflict of interest so Judge Castlen personally asked for the cases, was appointed, and dismissed both suits even though I stated my Objections both in person and by letter and Requested he Recuse himself because of conflict of interest.

Plaintiff also maintains that he was sentenced under "Statute 218 A.1432" and that 439.401 did not apply to him. He states that "4 years later, 439.401 has been applied to me INCREASING MY SENTENCE." Finally, he states, "At the time of Final sentencing, I was 20% PAROLE, now I'm 85%. As is plain, my Sentence and Standing under Statute 439.401 have been ALTERED."[2]

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] Plaintiff recently filed a letter (DN 8) referencing the instant civil action number, as well as Civil Action No. 3:15CV-623-GNS. He states that he has been "subjected to harassment" by KSR staff and requests the Court to "address the situation." Upon review of the docket sheet in Civil Action No. 3:15CV-623-GNS, Plaintiff sues the Warden of KSR and six other KSR staff members in that action. Therefore, the Court finds that Plaintiff's issues raised in the letter are better addressed, if necessary, in that action and will not be addressed herein.

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

### III.

#### *A. Official-capacity claims*

Plaintiff sues both Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

#### *B. Individual-capacity claims*

Plaintiff also sues Defendants in their individual capacities. With regard to Plaintiff's claims against Defendant Judge Castlen, judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*,

5

435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992). This immunity confers complete protection from a civil suit. *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995).

A judge is subject to liability only for non-judicial actions or for acts which were judicial in nature but were taken in the "clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11-12; *Ireland v. Tunis*, 113 F.3d at 1440. Whether or not an act is judicial depends on the nature and function of the act. *Ireland v. Tunis*, 113 F.3d at 1440. Two factors are examined to perform this analysis. *Id*. at 1441. The Court must first determine whether the act is "a function normally performed by a judge." *Id*. (quoting *Stump v. Sparkman*, 435 U.S. at 362). The Court must also look at "whether the parties dealt with the judge in his or her judicial capacity." *Ireland v. Tunis*, 113 F.3d at 1441. Moreover, a judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 113 F.3d at 1441; *King v. Love*, 766 F.2d 962, 965-66 (6th Cir. 1985); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984). Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 356.

The factors used for the functional analysis indicates that the allegedly wrongful acts by Defendant Judge Castlen were judicial. His actions in resentencing Plaintiff and handling post-conviction matters are actions normally performed by a judge, and he dealt with Plaintiff only in his judicial capacity. Further, the complaint gives no indication that Defendant Judge Castlen lacked jurisdiction in presiding over Plaintiff's criminal case. Consequently, the claims against Judge Castlen are barred by judicial immunity and must be dismissed.

Similar to the doctrine of judicial immunity, prosecutors also are entitled to "absolute immunity from civil liability related to their performance of 'prosecutorial' functions.'" *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id*. (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Meanwhile, functions which are more 'investigative' or 'administrative' in nature, because they are more removed from the judicial process, are subject only to qualified immunity." *Id*. (quoting *Burns v. Reed*, 500 U.S. at 486). "As the line of absolute-immunity cases make clear . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state." *Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009).

Nothing in the complaint suggests that Defendant Nall was acting in any capacity other than in his role as an advocate for the state in the judicial process. Therefore, Plaintiff's claim against Defendant Nall is barred by prosecutorial immunity and will be dismissed.

For the foregoing reasons, the Court will enter a separate Order of dismissal.

In addition, to the extent Plaintiff claims that "he is in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2254, he may wish to file a petition for writ of habeas corpus under § 2254. The **Clerk of Court is DIRECTED** to send Plaintiff a Court-approved § 2254 form packet for his use should he wish to file an action.

Date: March 31, 2016

*Joseph H. McKinley, Jr.* signature

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010